Dear Senator Danner:
This opinion letter is in response to your request for an opinion regarding the authority of the Missouri Public Service Commission to apply and enforce its safety standards for the transportation of gas by pipeline with respect to nonconforming pipeline facilities already constructed and in operation on the date such standards were adopted.
We believe that the determination as to whether or not the Public Service Commission has the authority to act with respect to a particular matter of regulatory concern should be made initially by the Commission itself after it has been afforded an opportunity to fully develop and consider all facts which it may deem relevant to the subject of that inquiry. Persons who have concerns regarding the safety of pipeline facilities should present their concerns to the Commission, which can then inquire into the particular matters of concern and determine for itself whether, and to what extent, and in what manner, it may exercise authority to resolve such concerns. However, we believe that it would be appropriate for us to mention certain considerations which appear pertinent to the subject of pipeline safety regulation.
First, the Federal courts have uniformly held that the authority to establish and enforce safety standards for theinterstate transmission of gas by pipeline is vested exclusively in the United States Department of Transportation by virtue of the provisions of the Natural Gas Pipeline Safety Act of 1968 (NGPSA), 49 U.S.C. § 1671-1686, as amended. ANRPipeline Company v. Iowa State Commerce Commission, 828 F.2d 465
(8th Cir. 1987); Natural Gas Pipeline Company of America v.Railroad Commission of Texas, 679 F.2d 51 (5th Cir. 1982);Tenneco Inc. v. Public Service Commission of West Virginia,489 F.2d 334 (4th Cir. 1973).
Section 1672 of the NGPSA provides in relevant part as follows:
§ 1672. Federal safety standards
 (a) Minimum standards; factors to be considered; State standards; reporting requirements
 (1) The Secretary shall, by regulation, establish minimum Federal safety standards for the transportation of gas and pipeline facilities. Such standards may apply to the design, installation, inspection, emergency plans and procedures, testing, construction, extension, operation, replacement, and maintenance of pipeline facilities. Standards affecting the design, installation, construction, initial inspection, and initial testing shall not be applicable to pipeline facilities in existence on the date such standards are adopted. Such Federal safety standards shall be practicable and designed to meet the need for pipeline safety. . . .
 Any State agency may adopt additional or more stringent safety standards for intrastate
pipeline transportation if such standards are compatible with the Federal minimum standards. No State agency may adopt or continue in force any such standards applicable to interstate transmission facilities, after the Federal minimum standards become effective. [Emphasis added.]
* * *
The Secretary of Transportation has established such safety standards. See Minimum Federal Safety Standards,49 CFR Part 192. Moreover, pursuant to the authority granted by 49 U.S.C. § 1672(a)(1), the Missouri Public Service Commission has adopted the Minimum Federal Safety Standards as its own rules. See 4 CSR 240-40.030.
In ANR Pipeline, the Eighth Circuit held that the NGPSA preempted an Iowa statute which purported to regulate the construction and operation of both interstate and intrastate pipelines transporting natural gas in and through the state, stating, 828 F.2d at 468:
 In the NGPSA, Congress expressly has preempted state regulation of safety in connection with interstate gas pipelines. Although the NGPSA permits the states to "adopt additional or more stringent safety standards for intrastate pipeline transportation if such standards are compatible with the Federal minimum standards," the same section provides that "[n]o State agency may adopt or continue in force any such standards applicable to interstate transmission facilities. . . ." 49 U.S.C. § 1672(a)(1) (emphasis added).
In Natural Gas Pipeline, the Fifth Circuit stated,679 F.2d at 53:
 Section 1672(a)(1) expressly prohibits state adoption or enforcement of safety standards applicable to "interstate transmission facilities." Section 1671(8) defines "interstate transmission facilities" as:
 pipeline facilities used in the transportation of gas which are subject to the jurisdiction of the Federal Energy Regulatory Commission under the Natural Gas Act, except that it shall not include any pipeline facilities within a State which transport gas from an interstate gas pipeline to a direct sales customer within such State purchasing gas for its own consumption.
 "Transportation of gas" is defined in § 1671(3) as:
 the gathering, transmission or distribution of gas by pipeline or its storage in interstate or foreign commerce; except that it shall not include the gathering of gas in those rural locations which lie outside the limits of any incorporated or unincorporated city, town, village, or any other designated residential or commercial area such as a subdivision, a business or shopping center, a community development, or any similar populated area which the Secretary may define as a nonrural area.
Second, it appears that the preemption applies even though a state, by statute or regulation, has adopted safety standards identical to the Minimum Federal Safety Standards promulgated by the Secretary of Transportation. ANR Pipeline Company v. IowaState Commerce Commission, 828 F.2d at 469[1]; Northern BorderPipeline Company v. Jackson County, Minnesota,512 F. Supp. 1261, 1265 (D.Minn. 1981); United Gas Pipeline Company v.Terrebonne Parish Police Jury, 319 F. Supp. 1138, 1141[4] (E.D.La. 1970), aff'd. 445 F.2d 301 (5th Cir. 1971).
In ANR Pipeline, the Iowa Commission argued that because it had adopted as its own regulations the Minimum Federal Safety Standards, its authority to regulate was not preempted, to which contention the court responded as follows:
 We find no merit in this argument. The portions of the legislative history quoted above make clear that Congress intended to preclude states from regulating in any manner whatsoever with respect to the safety of interstate transmission facilities. We agree with the conclusion reached by the District Court, and by the courts in Natural Gas Pipeline and Terrebonne Parish, that the NGPSA leaves nothing to the states in terms of substantive safety regulation of interstate pipelines, regardless of whether the local regulation is more restrictive, less restrictive, or identical to the federal standards.
828 F.2d at 470.
 Under the NGPSA, the authority to regulate the safety of construction and operation of interstate gas pipelines is given solely to the Secretary of Transportation, and Iowa is not free to regulate in this area, even if it adopts standards identical to the federal standards.
828 F.2d at 472.
Finally, we observe that § 1672(a)(1) of the NGPSA states explicitly that:
 Standards affecting the design, installation, construction, initial inspection, and initial testing shall not be applicable to pipeline facilities in existence on the date such standards are adopted.
However, we also note that § 192.13(b) of the Minimum Federal Safety Standards provides that:
 No person may operate a segment of pipeline that is replaced, relocated, or otherwise changed after November 12, 1970, . . . unless that replacement, relocation, or change has been made in accordance with this part.
Thus, it appears that safety standards relating to design, installation and construction of pipelines cannot be applied retroactively to facilities already in place, but may be applied to a segment of pipeline that is replaced, relocated, or otherwise changed after the adoption of such standards.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General